**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000127**
**29-JUN-2012**
**11:32 AM**

NO. CAAP-11-0000127

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RICKY W. TONGG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-10-02411)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Ricky W. Tongg (Tongg) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on February 3, 2011, in the District Court of the First Circuit, Honolulu Division (district court).[1]

After a non-jury trial, Tongg was found guilty of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3), (b)(1) (Supp. 2011) and Accidents Involving Damage to Vehicle or Property, in violation of HRS § 291C-13 (Supp. 2011).

---

[1]     The Honorable William Cardwell presided.

On appeal, Tongg contends the district court erred by denying his Motion to Suppress because (1) no permission to enter the house Tongg resided in was given to Officer Jolon Wagner (Officer Wagner), therefore any statements Tongg made were the result of an illegal search and seizure, (2) Tongg was not advised of his right against self-incrimination when he was subjected to a custodial interrogation, and (3) the officer failed to knock and announce his presence in violation of HRS § 803-37 (1993).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tongg's points of error as follows:

(1) Tongg's right to privacy under the Fourth and Fourteenth Amendments under the U.S. Constitution and article I, section 7 of the Hawai'i Constitution were not violated because Officer Wagner had permission to enter the house and he did not enter Tongg's bedroom. Although Tongg had a reasonable expectation of privacy in the house and bedroom in which he lived, Officer Wagner was not required to obtain a warrant before he entered the house as the district court found, based on credible testimony, that Tongg's mother, who was on the lease to the property, invited Officer Wagner into the house and consented to his entry. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted; block quote format changed).

Officer Wagner's testimony that Tongg's bedroom door was slightly open when he approached was uncontradicted, and he testified that he knocked on it and that Tongg opened it wider. No witness testified that Officer Wagner ever entered Tongg's bedroom from the hallway while he questioned Tongg. Therefore, Tongg's right to privacy was not violated by Officer Wagner

2

during the encounter inside the house and outside Tongg's bedroom.

Tongg did not point to where in the record he argued that Officer Wagner unlawfully searched and/or seized him. The crux of Tongg's argument during the hearing on his Motion to Suppress was that Officer Wagner unlawfully entered the house without permission. During the Motion to Suppress hearing, Tongg did not argue that he was unlawfully searched and/or seized without a warrant based on probable cause when Officer Wagner stood outside Tongg's bedroom door and questioned him. Finally, Tongg does not provide any authority for the proposition that the encounter inside the house constituted an illegal seizure.

(2) Tongg argues that his admission that he was driving the truck in question should have been suppressed as a result of a violation of his Miranda rights. We need not reach the merits of Tongg's claim that Officer Wagner was required to advise Tongg, before questioning Tongg outside Tongg's bedroom, of his right against self-incrimination because any error in failing to suppress the admission was harmless beyond a reasonable doubt. See State v. Mundon, 121 Hawai'i 339, 366, 219 P.3d 1126, 1153 (2009) (A constitutional error may be held harmless if it was harmless beyond a reasonable doubt.)

Even without this admission, the other evidence presented at trial overwhelmingly supported this fact. A percipient witness testified that he saw the erratic movements of the truck in question, including its rear-end collision with a stopped car waiting to make a left turn from the left-turn lane; he was able to get a "good look" at Tongg, who was the driver of the truck, as they both stopped at a red light; and he noted and reported the license plate number of the truck to police by cellular phone during or shortly after these events. This percipient witness also testified that he identified Tongg as the driver of the truck when police took him to Tongg's residence approximately fifteen to twenty minutes after he had seen Tongg driving the truck, and identified Tongg as the driver of the

truck in court. Officer Wagner testified that dispatch reported Tongg was the registered owner of the truck with the license plate number reported by the percipient witness, and approximately ten minutes later, when he arrived at Tongg's residence, he found Tongg looking at the damage to the front driver's side of the truck. Upon seeing the police vehicle, Tongg swiftly moved into the house, despite Officer Wagner's request to speak with him. Conversely, there was no evidence presented that the driver of the truck was anyone other than Tongg.

Based on this overwhelming evidence, testimony that Tongg admitted he was the driver of the truck was harmless beyond a reasonable doubt.

(3) Tongg claims that Officer Wagner was required to knock and announce his presence, pursuant to HRS § 803-37 (1993).[2] First, Tongg fails to establish that this argument was preserved before the district court. The point of error is therefore waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4). Moreover, HRS § 803-37 is inapplicable since (1) Officer Wagner was not executing a warrant and (2) Officer Wagner did not attempt a forced entry because the door to the house was

---

[2] HRS § 803-37 (1993) states:

**§803-37 Power of officer serving.** The officer charged with the warrant, if a house, store, or other building is designated as the place to be searched, may enter it without demanding permission if the officer finds it open. If the doors are shut the officer must declare the officer's office and the officer's business, and demand entrance. If the doors, gates, or other bars to the entrance are not immediately opened, the officer may break them. When entered, the officer may demand that any other part of the house, or any closet, or other closed place in which the officer has reason to believe the property is concealed, may be opened for the officer's inspection, and if refused the officer may break them.

4

opened by Tongg's mother and the door to Tongg's bedroom, which was ajar upon Officer Wagner's arrival, was opened by Tongg upon Officer Wagner's knock.

THEREFORE,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on February 3, 2011, in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawai'i, June 29, 2012.

On the briefs:

Nietzsche L. Tolan
Deputy Public Defender
for Defendant-Appellant.

Chief Judge

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Associate Judge

Associate Judge